## Case No. 8,098.

### In re LASKI.

[13 Int. Rev. Rec. 142.]

Circuit Court, W. D. Tennessee. 1871.

IMPRISONMENT FOR FINE — INSOLVENCY — EFFECT OF FINE AS JUDGMENT.

[1. A state insolvent debtor's act will not operate to release one imprisoned under process of circuit court to enforce judgment of fine in a misdemeanor case.]

[2. The act of 1867 (14 Stat. 543) is only applicable to cases of "imprisonment for debt, existing by any laws of any state," and the act of 1863 (12 Stat. 656) was designed not to make the sentence a judgment in debt for any other purpose than to authorize execution against defendant's property. Neither act authorizes the release of one imprisoned for failure to pay fine in a misdemeanor case.]

At law.

Before EMMONS, Circuit Judge, and WITHEY, District Judge.

EMMONS, Circuit Judge. The relator is imprisoned under the process of this court, issued to enforce the judgment of the court, in a case of misdemeanor, wherein a fine of $10 and costs of prosecution was imposed, and an order that defendant be committed until paid. It is urged that the relator is entitled to be discharged under the insolvent laws of Tennessee, there being a satisfactory showing as to his pecuniary condition to bring him within the state statute. There are but two acts of congress bearing on the asserted right, to which our attention has been called, or so far as we have been able to discover. The first is as follows: Whenever upon mesne process or execution issuing out of any of the courts of the United States, defendant therein is arrested or imprisoned, he shall be entitled to discharge from said arrest or imprisonment in the same manner as if he was so arrested or imprisoned on like process of the state courts in the same district; and the same oath is to be taken, and the same length of notice thereof shall be required as is provided by state laws, and all modifications, conditions, and restrictions upon imprisonment for debt now existing, by any laws of any state, shall be applicable to process issuing out of the courts of the United States therein, and the same course of proceedings shall be adopted as now are or may be in courts of such states, if such proceedings shall be had before some one of the commissioners appointed by the United States circuit court to take bail and affidavits. 2 Brightly, p. 275 [14 Stat. 543]. This statute no one would claim as applying to other than "imprisonment for debt, existing by

any laws of any state." We do not understand the learned counsel for relator to claim otherwise. But it is said that the act of 1863 (2 Brightly, p. 164, par. 55) [12 Stat. 656] declares that a judgment in a criminal case, when the sentence is a fine, with or without imprisonment, is a debt to be collected on execution in the common form, and brings the case within the statute of Tennessee in reference to the discharge of insolvent debtors.

We have given to the construction thus claimed careful consideration, but have been unable to adopt the view which has been urged in that behalf. The two statutes of congress must be construed together. The first will not permit of any such construction as claimed; and the other act was designed not to make the sentence of the court in a criminal case a judgment in debt for any purpose other than to authorize execution for its collection against the property of the defendant. The language is: "Shall be deemed a judgment debt, and unless pardoned or remitted by the president, may be collected on execution in the common form." If this renders the sentence and judgment a mere debt, then the case should not be prosecuted by indictment, but by an action of debt for the penalty. The prosecution was for an offence, and the insolvent debtors act has never applied to crimes. We are unwilling to give a construction to these acts which would effect so marked a change, unless that intention is clearly expressed, or so far indicated as to leave no reasonable doubt. There is one, if not two, effective remedies open to the relator—one, by a proper representation to the executive for pardon; the other, to apply to the secretary of the treasury to have the penalty and costs remitted on a proper showing. We doubt not that one or the other course would readily afford relief to the party on showing his utter inability to pay the fine and costs. Such are, in brief, the views of the court. Petition refused.